IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| KENNETH HILL #840441 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-03-222 |
| | § | |
| BENJAMIN CRUZ, ET AL | § | |

**OPINION AND ORDER**

Plaintiff Kenneth Hill, proceeding *pro se,* brings this complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants Benjamin Cruz, Jr., and Albert Garcia violated his rights under the Free Exercise and Establishment Clauses of the First Amendment, the Religious Land Use and Institutionalized Persons Act, and  Chapter 110 of the Texas Civil Practice and Remedies Code. Currently pending before the Court is Defendants' Motion for Summary Judgment, to which Plaintiff has filed a response. Having considered all relevant pleadings and summary judgment evidence, the Court now issues its Opinion and Order.

In determining a movant's request for summary judgment, all reasonable inferences must be made in favor of the party opposing the motion. *Phillips Oil Co. v. OKC Corp.* 812 F.2d 265, 272 (5th Cir.), *cert. denied*, 484 U.S. 851 (1987). Only disputes of facts that could affect the outcome of the suit at trial will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

A complete failure of proof concerning an essential element of the nonmoving party's case is fatal and entitles the moving party to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).  The moving party bears the initial burden of demonstrating the absence of a

1

genuine issue of material fact.  Upon such a showing, the burden of production shifts to the nonmovant to delineate specific facts which demonstrate the presence of a genuine issue of material fact.  *Id.; Judwin Properties, Inc. v. U.S. Fire Ins. Co.,* 973 F.2d 432, 435 (5th Cir. 1992).  A motion for judgment as a matter of law is properly granted when the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict.  If there is substantial evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion, then the motion for judgment as a matter of law should be denied.  *Waymire v. Harris County, Texas*, 86 F.3d 424, 427 (5th Cir. 1996).

Plaintiff is an inmate practicing the Islam faith and asserts that his religion requires that he eat a pork-free diet, which he is allegedly unable to do because he believes that processed American cheese containing pork enzymes is placed in non-pork food entrees at the prison.  As a result, he is allegedly unable to eat most prison meals and is thus forced to "live on a disproportioned food intake" in order to accommodate the tenets of his religion.  He claims that Defendants' practice of serving pork-infused food intended as a substitute for pork or meat violates the Religious Land Use and Institutionalized Persons Act, (RLUIPA), the Free Exercise and Establishment clauses under the First Amendment and his rights of religious freedom.

## RLUIPA Claim

The RLUIPA, codified at 42 U.S.C. § 2000cc, provides in pertinent part as follows:

§ 2000cc-1.  Protection of religious exercise of institutionalized persons

(a) General rule:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general

applicability, unless the government demonstrates that imposition of the burden on that person--

(1) is in furtherance of a compelling governmental interest; and

(2) is the least restrictive means of furthering that compelling governmental interest.

RLUIPA prohibits the State from imposing a "substantial burden" on the practice of religious exercise. A "religious exercise" for purposes of the RLUIPA includes "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).

Under the RLUIPA, a plaintiff must produce *prima facie* evidence to support a violation, and he bears the burden of persuasion on whether the policies and regulations substantially burden his exercise of religion. 42 U.S.C. § 2000cc-2(b). A governmental regulation does not substantially burden religious activity unless it "truly pressures the adherent to significantly modify his religious behavior and significantly violates his religious beliefs." *Thomas v. Review Bd. of Ind. Employment Sec. Div.,* 450 U.S. 707, 717-718 (1981); *Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004). A governmental action or regulation does not rise to the level of a substantial burden on religious freedom if it "merely prevents the adherent from either enjoying some benefit that is not otherwise generally available or acting in a way that is not otherwise generally allowed." *Adkins v. Kaspar* at 570.

In their Motion for Summary Judgment, Defendants correctly set forth the standard under which claims brought under RLUIPA are scrutinized, and contend that Plaintiff has failed to meet the standard. Defendants assert that Plaintiff's assumption that the cheese served at the TDCJ contains pork enzymes or rennet is incorrect, and note that Plaintiff has offered no proof or evidence

to support his assumption.  Defendants further note that the enzymes necessary to clot cheese are usually synthetically derived or, on some occasions, derived from young calves.  Pursuant to the sworn affidavit of Doug Sparkman, Operations Manager for Laundry, Food and Supply, sliced American cheese purchased and used at the TDCJ does not contain pork or pork by-products.[1]  For the benefit of Plaintiff and the Court, Defendants included in their Summary Judgment Motion a comprehensive treatise on the different types of coagulation enzymes used to clot cheese;[2]  nowhere is there mention of pork by-products being used for such purpose under any circumstance.

Plaintiff filed objections to Defendants' Summary Judgment Motion and basically reiterated facts already pleaded.  He failed, however, to offer a scintilla of evidence or proof that the cheese he is served in prison, unlike every other kind of cheese that is produced today by modern methods, contains pork by-products or any other substance that is forbidden by his religion.  As such, he has wholly failed to present *prima facie* evidence that Defendants have "substantially burdened" the practice of his religion.  The uncontroverted summary judgment evidence shows that the cheese to which Plaintiff objects because it contains pork, in fact, does not.  Plaintiff has failed to produce any summary judgment to the contrary.

In addition, the undisputed evidence further shows that even when meat or pork is served, TDCJ offers one of three options to inmates as replacements for the meat or pork.  These options include: (1) 1 oz. of sliced cheese, an additional 4 oz. of the beans being served and an additional serving of bread; (2) 1 hard-boiled egg, 1 tablespoon of peanut butter and 1 tablespoon of jelly or 2 tablespoons of mixed peanut butter and jelly, and an additional serving of bread; or (3) 1

---

[1] Defendants' Motion for Summary Judgment, Exhibit B at 10.

[2] Defendants' Motion for Summary Judgment, Exhibit A.

tablespoon of peanut butter and 1 tablespoon of jelly, 2 tablespoons of mixed peanut butter and jelly with an additional serving of bread and an additional 4 oz. serving of beans being served on the regular tray.[3]   It is clear from the uncontroverted evidence that Defendants provide alternatives to inmates who choose not to eat meat or pork at the over 500,000 meals served per day  at the TDCJ. The goal of maintaining a neutral policy of religious accommodation for all recognized religious faiths is a compelling governmental interest, and Defendants have shown (and Plaintiff has not shown to the contrary), that TDCJ's regulations and policies concerning meat and pork-free alternatives is the least restrictive means of furthering this compelling interest.  *See Adkins,* 393 F.3d at 567-68.

No RLUIPA violations have been shown, and Defendants are entitled to summary judgment dismissing Plaintiff's claims under that statute.

First Amendment Claims

Plaintiff alleges that Defendants have violated the Establishment Clause and he has been denied the right to freely exercise his religion.

The Constitution requires that an inmate be given a reasonable opportunity to exercise the religious freedoms guaranteed by the First and Fourteenth Amendments. *Cruz v. Beto*, 405 U.S. 319, 322 (1972).  If a prison regulation impinges on an inmate's First Amendment rights, the regulation is valid only if it is reasonably related to a legitimate penological interest. *Turner v. Safley,* 482 U.S. 78, 87 (1987).  As has been shown above, Plaintiff has wholly failed to show that a prison regulation has impinged on his rights to practice his religion by denying him pork-free meals.  This claim is therefore baseless and without merit.

---

[3] Defendants' Motion for Summary Judgment, Exhibit B.

The First Amendment also prohibits government action that has either the purpose or effect of endorsing or disapproving of religion.  *See Lemon v. Kurtzman*, 403 U.S. 602, 612-13 (1971); *see also Van Orden v. Perry*, 351 F.3d 173, 177 (5th Cir. 2003), *aff'd,* 545 U.S. 677 (2005).   One religious denomination cannot be officially preferred over another.  *Larson v. Valente*, 456 U.S. 228, 244 (1982).  In this case, Plaintiff has failed to show that any group or religion has been singled out for special treatment or privileged status, nor has any religious group of bona fide faith been singled out for disadvantageous treatment.  As noted above, the meat or pork-free diet is not offered to any one group or groups of offenders, but is offered to any offender.

Plaintiff shows no violation of his rights under the First Amendment, and Defendants are entitled to summary judgment.

For the aforementioned reasons, it is the **ORDER** of this Court that Defendants' Motion for Summary Judgment (Instrument no. 24) is **GRANTED** and this cause is **DISMISSED with prejudice as frivolous and for failure to state a claim for which federal relief is available**.  As the Court has dismissed Plaintiff's federal law claims, it declines to exercise supplemental jurisdiction over any state law claims that have been raised.

This Order **DOES NOT** release Plaintiff or the Texas Department of Criminal Justice, Institutions Division from the obligation to pay the filing fee previously imposed.  Plaintiff is advised that if he appeals this dismissal, he will be required to pay the appeal fee of **$455.00** pursuant to the Prison Litigation Reform Act, and he must submit a 6-month certificate of his inmate trust account when he files his notice of appeal.

A certified copy of this Order shall be mailed to: **TDCJ-Office of the General Counsel**, P.O. Box 13084, Austin, Texas, 78711; and, to **TDCJ Local Funds Division**, P.O. Box 629, Huntsville, TX  77342-0629.

**DONE** at Galveston, Texas, this the 26th day of September, 2006.


Samuel B. Kent
United States District Judge